RITA W. GRUBER, Chief Judge
Appellant Timmy Dale Jester was convicted by a jury on one count of rape in violation of Ark. Code Ann. § 5-14-103 and three counts of sexual assault in the second degree in violation of Ark. Code Ann. § 5-14-125. He was sentenced to 300 months' imprisonment for the rape conviction and 60 months' imprisonment on each of the sexual-assault convictions. The circuit court ordered the sentence for the rape conviction to run consecutively to one of the sentences for sexual assault, and the other two sexual-assault sentences were to run concurrently with those sentences.
Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k)(1) (2017) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a no-merit brief and a motion to withdraw, arguing that this appeal is without merit. The motion is accompanied by an abstract and addendum of the proceedings below, purporting to include "all of the motions made which were denied," and a brief in which counsel explains why there is nothing in the record that would support an appeal. Appellant has filed pro se points for reversal, and the State has filed a brief in response. However, counsel's no-merit brief is not in compliance with Anders and Rule 4-3(k). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw.
Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections ... with an explanation as to why each ... is not a meritorious ground for reversal" and that "the abstract and addendum of the brief shall contain ... all rulings adverse to the defendant." Ark. Sup. Ct. R. 4-3(k)(1). Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. Sartin v. State , 2010 Ark. 16, at 4, 362 S.W.3d 877, 880. The requirement *200 for abstracting and briefing every adverse ruling ensures that the due-process concerns in Anders are met and prevents the unnecessary risk of a deficient Anders brief resulting in an incorrect decision on counsel's motion to withdraw. Sartin , 2010 Ark. 16, at 8, 362 S.W.3d at 882. For these reasons, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. Id.
Our review of the record reveals at least two adverse rulings that were neither abstracted nor argued by counsel. For example, page 682 of the record reflects that, during trial, the court sustained the State's objection based on leading the witness. On page 66 of the supplemental record, appellant's counsel objected on the ground of leading during the posttrial hearing to which the court responded, "A little leading is allowed." In addition, counsel's abstract in both the paper copies and the electronic copy is missing page 68, which is also referenced in counsel's argument. Due to deficiencies, we deny counsel's motion to withdraw and order rebriefing.
We also note that counsel has argued why the denial of the directed-verdict motion is not a meritorious ground for reversal, suggesting that the victims' testimony alone would be sufficient to support the convictions.[1] However, counsel has failed to point to any specific testimony of the victims to support each conviction. The court's instructions to the jury as to each of the five counts charged, which identifies each victim, are not included in the abstract and would be helpful for our review of this argument.
The deficiencies we have noted should not be considered an exhaustive list, and counsel is strongly encouraged to review Anders , supra , and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. See Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have 30 days within which to raise additional pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if further pro se points are made. Appellant and the State may elect to stand on the original pro se points and responsive brief in this case.
Motion to withdraw denied; rebriefing ordered.
Harrison and Brown, JJ., agree.

In response to appellant's pro se points for reversal, the State filed a brief arguing that appellant failed to preserve his sufficiency argument, or in the alternative, that there is substantial evidence to support his convictions.