Cite as 2020 Ark. App. 326

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-699

| | |
|---|---|
| MARLON TRAMAIN MYERS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 3, 2020<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66FCR-09-1011, 66FCR-18-145 & 66FCR-18-395]<br><br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

**BART F. VIRDEN, Judge**

Appellant Marlon Tramain Myers pleaded guilty in 2009 to first-degree domestic battery and was sentenced to six years' imprisonment in the Arkansas Department of Correction (ADC) followed by fourteen years' suspended imposition of sentence. Additionally, Myers was ordered to pay fees and costs related to his public defender. Myers was released on parole from the ADC in June 2011.

In October 2013, Myers was arrested and charged with driving while intoxicated, careless driving, driving with a suspended license, and refusal to submit to chemical testing. The State filed a petition to revoke, and after a hearing, the circuit court revoked Myers's suspended sentence and sentenced him to serve four years in the ADC plus an additional ten years' suspended imposition of sentence. Myers was paroled in January 2015.

In March 2018, Myers was charged with failure to appear to which he pleaded guilty, and he entered a plea of no contest to the new charge of aggravated assault on a family member. Myers was sentenced to two years' imprisonment in the ADC with an additional four years' suspended imposition of sentence to run concurrently with his existing sentences, and he was ordered to have no contact with Shameer Flanigan. Myers was ordered to pay court costs. In July 2018, Myers was released from the ADC.

In April 2019, the State filed a petition to revoke Myers's probation alleging that Myers had violated the no-contact order and had failed to pay fines. Myers filed a motion to dismiss the petition to revoke. The circuit court held a hearing on a Myers's motion to dismiss and denied the motion. Immediately after, the circuit court held a revocation hearing and found that Myers had violated the terms of his suspended imposition of sentence. The court revoked Myers's probation, and he was sentenced to ten years' imprisonment in the ADC followed by an additional four years' suspended imposition of sentence.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Myers's attorney has filed a no-merit brief along with a motion to withdraw as counsel asserting that there is no issue of arguable merit for an appeal. Myers filed pro se points for reversal asserting eight points for reversal. We order rebriefing and deny without prejudice counsel's motion to withdraw because the no-merit brief does not comply with *Anders* and Rule 4–3(k).

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions

2

and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal."

Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Though counsel addressed the sufficiency of the evidence to support the circuit court's decision to revoke Myers's probation, a review of this record demonstrates that counsel failed to address several adverse rulings. In the brief, counsel pointed out a hearsay objection to Fort Smith police officer Michael Coder's testimony during the revocation hearing and explained why the objection did not present a meritorious ground for reversal; however, counsel did not address the circuit court's refusal to allow Myers to cross-examine Officer Coder. Additionally, Myers requested that he be allowed to object to the method used to calculate his "exposure," and the court denied his request to object. The brief does not address Myers's attempted objection. Moreover, during the hearing on the motion to

3

dismiss the petition to revoke, the circuit court denied Myers's request to assist with his own defense and denied Myers's request for a six-month continuance, which he asserted would allow him time to earn the funds to hire a private attorney and prepare his defense. Counsel does not address the circuit court's denial of Myers's request to dismiss the petition or the request for a continuance.

The deficiencies we have noted should not be considered an exhaustive list, and counsel is encouraged to review *Anders*, *supra*, and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief.

Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. See Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Myers, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Motion to withdraw denied; rebriefing ordered.

ABRAMSON and SWITZER, JJ., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

4