Cite as 2021 Ark. App. 299

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–20–384

JOSHUA MICHAEL MILLER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** June 2, 2021

APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT
[NO. 03CR-18-155]

HONORABLE JOHN R. PUTMAN, JUDGE

REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED

## MIKE MURPHY, Judge

In this no-merit appeal, appellant Joshua Miller's appellate attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1) (2019), seeking to withdraw as counsel on the basis that there is no merit to an appeal. We order rebriefing and deny counsel's motion to withdraw.

On November 13, 2019, a Baxter County jury found Miller of the following: obstructing governmental operations, theft of property, commercial burglary, possession of drug paraphernalia, possession of suboxone, possession of methamphetamine, and possession of marijuana. These charges were brought in three separate case numbers: 03CR-18-155, 03CR-19-129, and 03CR-19-127. Despite being three separate cases, they were all tried together at one two-day jury trial. The records were again separated for appeal, and the underlying case for this appeal is number 03CR-18-155. The charges in number 03CR-18-155 were the possession of methamphetamine, a Class D felony, and possession of

suboxone, a Class A misdemeanor.

At the trial and pertinent to this appeal, the jury heard testimony from officer Josh Evans, who testified that on April 7, 2018, he pulled Miller over for a traffic violation. When he searched Miller, he found a white crystal substance and orange strips that looked like suboxone. He testified that Miller admitted it was methamphetamine and suboxone. Both items were admitted into evidence. Benjamin Gilbert with the state crime lab testified that the orange strips were consistent with suboxone, but he did not test it. He said that he tested the crystal substance and it was methamphetamine. Miller was convicted of possession of both substances. He appeals.

As mentioned, upon appeal, counsel filed a writ of certiorari to separate the appellate records in circuit court case numbers 03CR-18-155, 03CR-19-127, and 03CR-19-129. Counsel then filed this no-merit brief for number 03CR-18-155. The clerk of this court mailed to Miller a packet containing a copy of his counsel's brief and a notice of his right to file pro se points, but he has not done so.

Miller's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that lists all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.*

2

Having reviewed the record, we hold that counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k). Therefore we order rebriefing and deny without prejudice counsel's motion to withdraw. Our review of this record demonstrates that counsel failed to address several motions for directed verdict per Rule 4–3(k)(1). The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198. There are unbriefed motions in the record accompanying this appeal. Rule 4–3 does not provide latitude for appellate counsel to pick and choose which adverse rulings to discuss.

Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will attempt to forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.