Cite as 2022 Ark. App. 274

# ARKANSAS COURT OF APPEALS
### DIVISION IV
No. CR-21-427

| | | |
|---|---|---|
| ROBERT JEFFRIES | | Opinion Delivered June 1, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-09-516] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRADLEY KARREN, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**BART F. VIRDEN, Judge**

Robert Jeffries pleaded guilty in 2011 to two counts of delivery of a controlled substance (methamphetamine) and one count of possession of a controlled substance with intent to delivery, both Class Y felonies; and one count of possession of drug paraphernalia, a Class C felony. The Benton County Circuit Court sentenced Jeffries to 180 months' suspended imposition of sentence (SIS) for the Class Y felonies and 120 months' SIS on the Class C felony. All sentences were to run concurrently. The State filed a petition to revoke Jeffries's probation in December 2017 and an amended petition for revocation in July 2019. In the amended petition, the State alleged that Jeffries violated the terms of his probation by failing to pay fines, fees, and costs; and committing the new offenses of first-degree forgery, two counts of possession of a controlled substance, two counts of possession of drug

paraphernalia, and possession with intent to deliver methamphetamine or cocaine. The revocation hearing took place in October 2020. At the outset of the hearing, the State moved to strike three of the grounds for revocation: one count of possession of drug paraphernalia, one count of possession of a controlled substance, and possession with intent to deliver. The State presented the payment ledger supporting its allegation of nonpayment of fines, fees, and costs, and the Faulkner County Circuit Court sentencing order setting forth Jeffries's conviction for possession of a controlled substance and possession of drug paraphernalia. Jeffries testified during the sentencing portion of the hearing, offering mitigating evidence. Following the hearing, the court revoked Jeffries's probation and sentenced him 120 months' imprisonment in the Arkansas Department of Correction (ADC), followed by an additional 180 months' SIS.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Jeffries's attorney has filed a motion to withdraw as counsel along with a no-merit brief asserting that there is no issue of arguable merit for an appeal. Jeffries was notified of his right to file pro se points for reversal, but he has not filed any such points. Because Jeffries's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, it

2

will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 8, 362 S.W.3d 877, 882. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.*, 362 S.W.3d at 882. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, at 3, 534 S.W.3d 160, 162. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, at 2, 553 S.W.3d 198, 199 (citing *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882).

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke Jeffries's probation. Counsel also adequately explained that the court's denial of Jeffries's request for an alternative sanction was not a meritorious ground for reversal; however, counsel failed to discuss three other adverse rulings. While awaiting his revocation hearing, Jeffries requested a continuance to allow him to attend drug rehabilitation. The court did not rule on his request, and the hearing proceeded. Also, Jeffries filed a motion to quash a charge of failure to appear that was denied, and he verbally requested a final visit with his children at the end of the sentencing hearing that the court did not address. Jeffries's counsel has failed to explain why these adverse rulings would not be meritorious grounds for reversal on appeal; therefore, rebriefing is required. *Jester*, *supra*.

The deficiencies we have noted may not be the only ones, and counsel is encouraged to review *Anders* and Rule 4-3(b) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. Ark. Sup. Ct. R. 4-2(b)(3) (2021). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Jeffries, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(b). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and VAUGHT, J., agree.

*Michael L. Yarbrough*, for appellant.

One brief only.