Cite as 2024 Ark. App. 399

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-23-508

| | |
|---|---|
| KANDACE THOMPSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 4, 2024<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-16-2564]<br><br>HONORABLE JOANNA TAYLOR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**RAYMOND R. ABRAMSON, Judge**

This is a no-merit appeal filed on behalf of Kandance Thompson following the Washington County Circuit Court's revocation of her probation. Thompson's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), along with a motion to withdraw as counsel asserting that there is no issue of arguable merit on appeal. Thompson provided no pro se points for reversal. We order counsel to rebrief this appeal and deny counsel's motion to withdraw.

On September 26, 2017, Thompson entered a negotiated guilty plea to a single count of possession of drug paraphernalia and was sentenced to three years' probation. On February 9, 2018, a petition for revocation was filed alleging failure to report, failure to

furnish a correct address, and failure to satisfy financial obligations. An amended petition asserting these grounds, as well as illegal drug use, was filed on April 18, 2023.[1] A revocation hearing was held on May 2, 2023 at which time probation officer Heather Wineland testified. The defense attempted to call public defender investigator Rachel Tichenor, a former police officer and probation officer, to testify as an expert, but the court denied the testimony on the basis of relevance.[2]

At the conclusion of the hearing, the circuit court revoked Thompson's probation, finding that the State had proved by a preponderance of the evidence that Thompson had violated the conditions of her probation. The court sentenced her to six years in the Arkansas Department of Community Correction. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing

---

[1]Thompson was arrested and posted bond in July 2018. Between 2018 and the filing of the amended petition in 2023, several continuance and discovery motions were filed, but no hearings were held.

[2]The court made this decision after allowing defense counsel to voir dire the witness.

every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Miller v. State*, 2021 Ark. App. 299.

The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Honey v. State*, 2020 Ark. App. 496. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling can be found in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

Counsel contends that he has thoroughly reviewed the record and found no error to support an appeal of Thompson's probation revocation. However, we hold that counsel's no-merit brief is not in accordance with *Anders* and Rule 4-3(b). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw. Our review of this record demonstrates that counsel failed to address the denial of the defense's proposed expert testimony from its witness, Rachel Tichenor, and also failed to address the overruled objections to the two arrest warrants introduced by the State. Thompson's counsel has failed to explain why these adverse rulings would not be meritorious grounds for reversal on appeal; therefore, rebriefing is required. *See Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Rule 4-3 does not provide latitude for appellate counsel to pick and choose which adverse rulings to discuss.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief that complies with the rules within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(b)(1) or should be on meritorious grounds. Furthermore, the list of deficiencies noted above should not be considered exhaustive, and we encourage counsel to review *Anders*, *supra*, and Arkansas Supreme Court Rule 4-3(b) for the requirements of a no-merit brief. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Thompson so that, within thirty days, she again will have the opportunity to raise any points she so chooses in accordance with Rule 4-3(b)(2). The State will likewise be given an opportunity to file a reply brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and BARRETT, J., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

One brief only.

4