Cite as 2025 Ark. App. 274

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-394

| | | |
|---|---|---|
| RYAN VERNON | | Opinion Delivered April 30, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-20-491] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLEE | CLAWSON III, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## WENDY SCHOLTENS WOOD, Judge

Ryan Vernon appeals from a Faulkner County Circuit Court sentencing order convicting him of one count of rape and two counts of second-degree sexual assault and sentencing him to an aggregate of forty years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b),[1] Vernon's counsel has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Because Vernon's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

In an amended information filed May 24, 2022, the State charged Vernon with two counts of rape pursuant to Arkansas Code Annotated section 5-14-103 (Repl. 2024) and one

---

[1]Counsel cites Rule 4-3(k)(1), which is an old version of the rule.

count of second-degree sexual assault pursuant to Arkansas Code Annotated section 5-14-125 (Repl. 2024). Each of the counts alleged that the minor victim (MV1)[2] was under the age of fourteen. Before trial, the State filed a "notice of intent to rely on [Rule] 404(b) evidence." A hearing on the motion took place on April 8, 2022. After hearing testimony of both MV1 and the Rule 404(b) witness (MV2), the circuit court took the motion under advisement. On May 20, the circuit court issued a letter ruling concluding that the testimony of the Rule 404(b) witness would be allowed.

A trial took place on February 28, 2024.[3] After the State rested its case-in-chief, it amended one of the rape charges to second-degree sexual assault. Vernon moved for a directed verdict on all charges. The circuit court denied the motion. Vernon testified and called his mother to testify. Vernon renewed his motion for directed verdict, which was denied. The State presented a rebuttal witness, and Vernon testified in rebuttal for the defense.

The jury found Vernon guilty of all charges and recommended a sentence of twenty years' imprisonment for each second-degree sexual-assault conviction and forty years' imprisonment for the rape conviction, with the sentences to run consecutively. The circuit

---

[2]In his brief, counsel refers to the minor victims by name, which is prohibited by Arkansas Supreme Court Rule 6-3(b)(1).

[3]Counsel states that this was the second trial after the first trial resulted in a hung jury.

court accepted the recommended sentences but ordered them to run concurrently. This appeal followed.

A request to withdraw on the basis that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling can be found in the appellate record. *Id.*

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Thompson v. State*, 2024 Ark. App. 399, at 2, 697 S.W.3d 723, 725. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* at 2–3, 697 S.W.3d at 725. The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Id.* at 3, 697 S.W.3d at 725.

The brief in this case is not in compliance with *Anders* and Rule 4-3(b). First, the statement of the case is deficient. Arkansas Supreme Court Rule 4-2(a)(6) requires, in part, that the statement of the case "identify and discuss all material factual and procedural

information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal." Rule 4-3(b)(1), which specifically applies to withdrawal of counsel and no-merit briefs in criminal cases, provides that the "statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located." Here, the statement of the case and facts contain none of the material information contained in the record, no mentions of adverse rulings, and no page-number references to the record.

Second, counsel's brief states that there were no "objections adverse to the [d]efendant." However, our review of the record revealed multiple adverse rulings. For example, before trial, the circuit court ruled that the State would be allowed to introduce Rule 404(b) evidence over Vernon's objection. During trial, the circuit court sustained numerous evidentiary objections made by the State: the State's objection to Vernon's testimony that MV2's mother (Vernon's wife) had experienced abuse as a child similar to abuse alleged by MV2; the State's hearsay objection when Vernon's mother testified about MV1's reporting the abuse; the State's speculation objection when defense counsel asked Vernon's mother why "nobody" called the police when MV1 first disclosed her allegations of abuse; and the State's relevancy objection to the defense's introducing Vernon's family photo.

Finally, the only adverse ruling specifically addressed is the jury's "finding of guilty to the charges." However, counsel fails to explain why there is no meritorious argument for

4

reversal in regard to the sufficiency of the evidence that supported each of the convictions. Counsel's brief contains only a single conclusory statement as to all three convictions.

Accordingly, we order Vernon's counsel to cure these deficiencies by filing a substituted brief within fifteen days from the date of this opinion. The deficiencies we have identified should not be considered exhaustive, and counsel is encouraged to carefully examine the record and review our rules before submitting a substituted brief. We express no opinion as to whether the new brief should be a no-merit brief pursuant to Rule 4-3 or should be on meritorious grounds. If a substituted no-merit brief is filed, our clerk will forward counsel's motion and brief to Vernon, and he will have thirty days within which to raise additional pro se points in accordance with Rule 4-3. The State will likewise be given an opportunity to file a reply brief if further pro se points are made.

Rebriefing ordered; motion to withdraw denied.

GLADWIN and THYER, JJ., agree.

*Hensley Law Firm, PA*, by: *James E. Hensley, Jr.*, for appellant.

One brief only.