Cite as 2025 Ark. App. 517

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-394

| | | |
|---|---|---|
| RYAN VERNON | | Opinion Delivered October 29, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-20-491] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**WENDY SCHOLTENS WOOD, Judge**

Ryan Vernon appeals from a Faulkner County Circuit Court sentencing order convicting him of one count of rape and two counts of second-degree sexual assault and sentencing him to an aggregate of forty years' imprisonment. In *Vernon v. State*, 2025 Ark. App. 274, 713 S.W.3d 87 (*Vernon I*), we denied counsel's motion to withdraw and ordered rebriefing. Vernon's counsel again seeks to withdraw, asserting that an appeal in this case would be wholly without merit. He has filed another motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b). The clerk of this court provided Vernon with a copy of counsel's brief and notified him of his right to file pro se points for reversal; he has not done so. We deny counsel's motion to withdraw and order

rebriefing because counsel's substituted brief fails to comply with *Anders*, Rule 4-3(b), and our rebriefing order.

A request to withdraw on the basis that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling can be found in the appellate record. *Id.*

In *Vernon I*, we directed counsel's attention to various deficiencies in the no-merit brief. First, we explained the deficiencies in the statement of the case, specifically noting that the statement of the case and facts included none of the material information contained in the record, no mentions of adverse rulings, and no page-number references to the record as required by our rules. The statement of the case in the substituted brief is virtually identical to the one in the original brief and is deficient.

Second, we explained that the argument section of the brief was deficient because it stated that there were no "objections adverse to the [d]efendant," which was inconsistent with our review of the record. Moreover, we specifically mentioned multiple adverse rulings that counsel failed to address. These included the allowance of Rule 404(b) evidence over Vernon's objection, numerous adverse evidentiary rulings, and the findings of guilt on all

2

three charges. Again, counsel's substituted brief states that "there were no objections adverse to [Vernon]."[1]

In the conclusion section of Vernon's substituted brief, counsel states:

Counsel has further noted and discussed every event and circumstance including the 404(b) issue in the trial proceedings which might remotely be viewed as constituting reversible error and has discussed the standard of review and the reasons any adverse rulings are not meritorious grounds for reversal of the judgment of the Trial Court.

Counsel has confused the requirements of a no-merit brief. In *Vernon*, we stated:

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Thompson v. State*, 2024 Ark. App. 399, at 2, 697 S.W.3d 723, 725. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* at 2–3, 697 S.W.3d at 725. *The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. Id.* at 3, 697 S.W.3d at 725.

2025 Ark. App. 274, at 3, 713 S.W.3d at 89 (emphasis added). *Anders* and Rule 4-3(b) require counsel to address every adverse ruling and explain why each one would not be a meritorious ground for reversal, not those—as counsel stated—that "might remotely be viewed as constituting reversible error."[2]

---

[1]We note that counsel has attempted to address the allowance of Rule 404(b) evidence in the substituted brief. However, in his attempt to address the adverse ruling, counsel has not explained how the circuit court's allowance of the Rule 404(b) evidence would not be a meritorious ground for reversal.

[2]We further note that the bulk of counsel's brief consists of verbatim parts of the transcript or direct quotes from cases without any explanation or analysis of how they relate to why an appeal would be wholly frivolous.

3

In our previous opinion, we cautioned counsel that the mentioned deficiencies should not be considered exhaustive and directed counsel to carefully examine the record and review our rules before submitting a substituted brief. We again restate all the aforementioned directions. It is counsel's responsibility to comply with the requirements for submitting a no-merit brief. *McDaniel v. State*, 2021 Ark. App. 204, at 3. We further caution counsel that repeated failures to comply with the requirements for filing a no-merit brief outlined in *Anders* and Rule 4-3(b) will be referred to the Committee on Professional Conduct. We again express no opinion as to whether the substituted brief should be submitted pursuant to Rule 4-3 or on meritorious grounds. Counsel has fifteen days from the date of this opinion to file a substituted brief. If a substituted no-merit brief is filed, our clerk will forward counsel's motion and brief to Vernon, and he will have thirty days within which to raise additional pro se points in accordance with Rule 4-3. The State will likewise be given an opportunity to file a reply brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

BARRETT and THYER, JJ., agree.

*Hensley Law Firm, PA*, by: *James E. Hensley, Jr.*, for appellant.

One brief only.

4