Cite as 2026 Ark. App. 25

# ARKANSAS COURT OF APPEALS

## DIVISION II
No. CR-25-32

| | |
|---|---|
| DEMARIO RASHAD BLUEFORD<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: January 14, 2026<br><br>APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT [NO. 06CR-23-11]<br><br>HONORABLE CREWS PURYEAR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**MIKE MURPHY, Judge**

This is a no-merit appeal filed on behalf of Demario Blueford following his conviction by a Bradley County jury for Class B felon in possession of a firearm. Blueford's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, (1967), and Arkansas Supreme Court Rule 4-3(b), along with a motion to withdraw as counsel asserting that there is no issue of arguable merit on appeal. Blueford submitted pro se points for reversal, but we will not reach these points or counsel's no-merit argument at this time due to unaddressed adverse rulings. We order counsel to rebrief this appeal and deny counsel's motion to withdraw.

At trial, the following evidence was presented. On January 25, 2023, law enforcement officers executed a probation-waiver search at the address Blueford had listed with the

probation office as his residence. When officers arrived, Blueford was standing outside. Blueford's grandfather and girlfriend were inside the house. The grandfather told officers which room was Blueford's. There were two floor vents in the room. In one vent was a key to Blueford's SUV. In another vent was a loaded gun. The jury convicted Blueford, and he was sentenced to seven years in the Arkansas Division of Correction. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Miller v. State*, 2021 Ark. App. 299.

The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Honey v. State*, 2020 Ark. App. 496. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit

2

court and the page number where each adverse ruling can be found in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

Our review of this record demonstrates that counsel failed to address objections to State's exhibits 2 and 3 for not being provided the photos ahead of time, an objection to officer testimony concerning best evidence, and a relevance objection. Therefore, rebriefing is required. *See Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief that complies with the rules within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(b)(1) or should be on meritorious grounds. Furthermore, the list of deficiencies noted above should not be considered exhaustive, and we encourage counsel to review *Anders*, *supra*, and Arkansas Supreme Court Rule 4-3(b) for the requirements of a no-merit brief. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Blueford so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4-3(b)(2). The State will likewise be given an opportunity to file a reply brief if new pro se points are made.

Rebriefing ordered; motion to withdraw denied.

WOOD and HIXSON, JJ., agree.

*Susan Robinson Cross*, for appellant.

3

*Tim Griffin*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.