Cite as 2015 Ark. App. 172



 

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-683

| | |
|---|---|
| ALBERT W. LIDDELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2011–1018]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>MOTION DENIED;<br>REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

In July 2011, Albert W. Liddell pleaded guilty to theft of property and was sentenced to eight years' probation. In March 2014, the State filed a petition to revoke probation based upon allegations that Liddell had violated written conditions of the probation. A revocation hearing was held in the circuit court on April 30, 2014. The circuit court, upon finding that Liddell had inexcusably violated several conditions, revoked probation and sentenced him to thirty-six months' imprisonment and thirty-six months' suspended imposition of sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1), Liddell's counsel has filed a no-merit brief and a motion to withdraw asserting that there are no nonfrivolous arguments that would support an appeal. Liddell was notified of his right to file a list of pro se points for reversal, but he has not done so.

We order rebriefing because counsel's brief does not comply with our rule's requirements. A request to withdraw on the ground that the appeal is wholly without merit

shall be accompanied by a brief with an argument section containing "a list of all rulings adverse to the defendant . . . on all objections, motions and requests made by either party with an explanation as to why each ruling is not a meritorious ground for reversal." Ark. Sup. Ct. R. 4-3(k)(1) (2014). The brief's abstract shall contain "material parts" of the transcripts, including information "essential for the appellate court to . . . decide the issues on appeal." Ark. Sup. Ct. R. 4-2(a)(5) (2014). In appeals from criminal convictions, a no-merit brief that omits even a single adverse ruling requires rebriefing. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

The only adverse rulings listed in counsel's brief are an evidentiary ruling and the circuit court's decision to revoke probation. Our review of the record reveals at least one additional adverse ruling, which occurred when the circuit court pronounced sentence at the conclusion of the hearing. This was in contravention of Liddell's request that probation be left intact or that sentencing be deferred to a later date. We also note a factual error in counsel's brief: the statement of the case indicates that the State filed its petition to revoke a year before Liddell was put on probation.

We order counsel to file a substituted brief, abstract, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4-2(b)(3) (2014). We encourage counsel, before rebriefing, to review our rules and the record to ensure that no additional deficiencies are present.

> Motion denied; rebriefing ordered.
> VIRDEN and GLOVER, JJ., agree.
> *C. Brian Williams*, for appellant.
> No response.