Cite as 2019 Ark. App. 336

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-18-763

| | | |
|---|---|---|
| WILLIAM PETTIGREW | APPELLANT | **Opinion Delivered:** June 5, 2019 |
| V. | | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PCR-17-89] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY RAMEY, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## MIKE MURPHY, Judge

Appellant William Pettigrew pleaded guilty in 2017 to the crime of possession of drug paraphernalia and received a sentence of thirty-six months' probation. The State filed a petition to revoke Pettigrew's probation in January 2018, alleging that Pettigrew had absconded and not paid toward his fines, fees, or court costs, in violation of his probation terms.

Following a hearing, the Logan County Circuit Court revoked Pettigrew's probation and sentenced him to seventy-two months in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Pettigrew's attorney has filed a no-merit brief and a motion to withdraw as counsel asserting that there is no issue of arguable merit

for an appeal. Pettigrew was notified of his right to file pro se points for reversal, but he has not filed any such points. We hold that appellant's counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests. . .with an explanation as to why each. . .is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Our review of this record demonstrates that counsel failed to address at least two adverse ruling. Counsel adequately addressed the sufficiency of the evidence to support the circuit court's decision to revoke Pettigrew's probation. Counsel did not, however, address the circuit court's failure to grant Pettigrew's request for reinstatement of his probation or for drug court. Pettigrew testified that he was asking the court for reinstatement of his probation or for drug court because he was "willing to try" and because by the date of the revocation hearing, he was in a better position to comply with the terms of his probation.

2

The circuit court did not grant reinstatement of probation or order drug court and sentenced Pettigrew to six years in the Arkansas Department of Correction. Counsel failed to explain why this would not be a meritorious ground for reversal on appeal, requiring rebriefing.

Counsel is encouraged to review *Anders*, *supra*, and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and BROWN, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

One brief only.

3