Cite as 2020 Ark. App. 334

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-881

| | |
|---|---|
| JORDAN ADCOCK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** June 3, 2020<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15CR-18-352]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## N. MARK KLAPPENBACH, Judge

Jordan Adcock appeals the order of the Conway County Circuit Court revoking his probation and sentencing him to five years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Adcock's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Because counsel's brief is not in compliance with *Anders* and Rule 4-3(k)(1), we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall

contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4–3(k)(1).

Counsel has addressed the circuit court's decision to revoke Adcock's probation.[1] However, the circuit court's decision to sentence Adcock to prison was an additional adverse ruling on a request counsel made in closing arguments. Counsel argued that instead of sentencing Adcock to prison, the circuit court should reinstate his probation and allow him to finish the program he was currently participating in as a result of a parole violation. Counsel has failed to abstract this ruling or explain why it does not constitute a meritorious ground for reversal.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Pettigrew v. State*, 2019 Ark. App. 336. We have held that a circuit court's sentence of imprisonment despite a request for reinstatement of probation is an adverse ruling that must be addressed. *See id.*; *see also Liddell v. State*, 2015 Ark. App. 172 (counsel failed to address adverse ruling that occurred when the circuit court pronounced the sentence in contravention of defendant's request that probation be left intact or that sentencing be deferred to a later date); *Swarthout v. State*, 2012 Ark. App. 46 (counsel failed to abstract or address the circuit court's denial of defendant's request for a transfer to veteran's treatment court or for probation).

---

[1]Counsel's brief references three different standards of review for the revocation decision in his argument and argument heading. This should be corrected on rebriefing.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be a no-merit brief pursuant to Rule 4–3(k)(1) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Adcock so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4–3(k)(2).

Rebriefing ordered; motion to withdraw denied.

WHITEAKER and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.