Cite as 2020 Ark. App. 350

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–885

| | |
|---|---|
| JOSHUA CHAPPELLE JOYCE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 10, 2020<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-15-893]<br><br>HONORABLE DAN RITCHEY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## MIKE MURPHY, Judge

On April 12, 2017, the appellant, Joshua Joyce, pleaded guilty to felon in possession of a firearm, a Class B felony, and was sentenced to six years of supervised probation. On April 30, 2019, the State filed a petition to revoke Joyce's probation alleging Joyce had violated the terms and conditions of his probation.

Following a hearing, the Crittenden County Circuit Court revoked Joyce's probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Joyce's attorney has filed a no-merit brief and a motion to withdraw as counsel asserting that there is no issue of arguable merit for an appeal. The clerk of this court mailed Joyce a packet containing a copy of his counsel's brief and notice of his right to file pro se points. The packet was returned to the clerk's office marked "vacant, unable to forward." The clerk's office contacted Joyce's

counsel and parole officer, but no additional contact information for the appellant was available. Having reviewed the record, we hold that appellant's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions *and requests* . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." (Emphasis added.) The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Our review of this record demonstrates that counsel failed to address some adverse rulings related to requests made by Joyce's counsel. Counsel did adequately address the sufficiency of the evidence to support the revocation as well as the objections made at trial. However, counsel failed to address the requests to continue Joyce's probation with additional restrictions, to set the matter for a review hearing, or to place Joyce in the drug-court program, all of which were denied. Because these are "requests" as contemplated by Rule 4-3(k)(1) and because counsel failed to explain why they would not warrant

2

meritorious grounds for reversal on appeal, rebriefing is required. *See, e.g., Pettigrew v. State*, 2019 Ark. App. 336.

Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will attempt to forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

GRUBER, C.J., and BROWN, J., agree.

*S. Butler Bernard, Jr.*, for appellant.

One brief only.