Cite as 2021 Ark. App. 283

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-543

| | |
|---|---|
| CALVIN KENTRA MARSHALL | **Opinion Delivered** June 2, 2021 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-16-703] |
| V. | |
| STATE OF ARKANSAS | HONORABLE DAN RITCHEY, JUDGE |
| APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## N. MARK KLAPPENBACH, Judge

Calvin Kentra Marshall appeals the order of the Crittenden County Circuit Court revoking his probation and sentencing him to twelve years' imprisonment and five years' suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Marshall's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Marshall was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal. Because counsel's brief is not in compliance with *Anders* and Rule 4–3(k)(1), we order rebriefing and deny counsel's motion to withdraw.

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all

objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4-3(k)(1).

In his brief, counsel addresses as the sole adverse ruling the circuit court's finding that Marshall had violated the terms of his probation. However, additional adverse rulings occurred during sentencing. Marshall's counsel argued that Marshall should be sentenced to probation or to only five years' imprisonment. The court then sentenced Marshall to twelve years' imprisonment and five years' SIS. Marshall's counsel then requested that "he be allowed to stay out until a bed is available." The circuit court denied that request. Counsel has failed to address these rulings and explain why each is not a meritorious ground for reversal.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Pettigrew v. State*, 2019 Ark. App. 336. This court has held that denials of requests for sentences of probation, requests for transfer to drug court or veterans treatment court, and requests that sentencing be deferred to a later date are all adverse rulings that must be addressed. *See id.*; *Liddell v. State*, 2015 Ark. App. 172; *Swarthout v. State*, 2012 Ark. App. 46.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(k)(1) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to

2

Marshall so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4-3(k)(2).

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and VIRDEN, J., agree.

*S. Butler Bernard, Jr.*, for appellant.

One brief only.