Cite as 2022 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-20-739

| | |
|---|---|
| MARTY DEAN MOORE<br>APPELLANT | OPINION DELIVERED JANUARY 12, 2022 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-18-229] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY M. ARNOLD, JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## ROBERT J. GLADWIN, Judge

Marty Dean Moore appeals the revocation of his probation in the Saline County Circuit Court. His counsel filed a motion to withdraw and no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2020) of the Arkansas Rules of the Supreme Court and Court of Appeals, asserting that there is no issue of arguable merit to raise on appeal. Moore was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a responsive brief. We deny counsel's motion to withdraw and order rebriefing in accordance with Rule 4-3(k).

On March 13, 2018, Moore negotiated a guilty plea on a failure-to-appear charge, and on March 16, he was sentenced to thirty-six months' probation and $820 in costs, fines,

and fees.[1]  Moore signed and initialed the conditions of his probation, and the conditions were filed on March 21.  On February 10, 2020, the State filed a probation-revocation petition alleging that on November 12, 2019, Moore had committed "Failure to Appear (x4), and Computer Child Pornography (x14)."  The petition further alleged that Moore had not reported for a ninety-day supervision-sanction program (SSP); he had failed to report for three scheduled office visits; he had not provided an apartment number with his address; he had failed to provide proof of employment; and he was delinquent in paying supervision fees, fines, and costs.

On August 25, a revocation hearing was held.  Probation Officer Brittney Cathey testified that Moore had violated his probation conditions in that he was $350 behind in paying supervision fees, that as of January 21, 2020, he owed $1300 in court costs and fines, and that he had not made any payments in the two years he had been on probation.  She said that in 2019, Moore failed to report for his office visits on June 14, June 17, and August 14, and he also failed to complete a treatment program ordered in Garland County on April 29.[2]  She said that officers conducting a home visit on August 15, 2019, could not locate his residence because Moore had provided a road name with no apartment number.  She said that Moore was arrested on November 12, 2019, for failure to appear "times four" and computer child pornography "times 14."  She said that since his arrest, the computer child-

---

[1]Testimony at the revocation hearing revealed that Moore was simultaneously serving a probationary sentence on child-support nonpayment in the Garland County Circuit Court.

[2]The testimony at the revocation hearing indicated that Moore had been sentenced in the Garland County Circuit Court to an SSP, and he was released from the Garland County jail before being transferred to a facility for this program.

pornography counts were raised to forty-nine. She said that Moore lives in Garland County and that his probation was transferred to Garland County for supervision.

Benton Police Detective Dustin Derrick testified regarding Moore's November 2019 arrest and the circumstances surrounding the forty-nine counts of computer child pornography with which Moore was charged. Moore testified and admitted that he did not report, absconded, did not meet with his probation officer, did not pay anything, and had possessed drug paraphernalia when he was arrested in 2019. He testified that he would like his probation in Garland and Saline Counties to run concurrently. He stated that he wanted a chance in a drug-treatment program or rehab because he has a drug problem that has never been addressed.

At the conclusion of the hearing, the circuit court granted the State's revocation petition and ordered a presentencing report. At the sentencing hearing, Moore's attorney asked the court to extend his probation with an added condition that he complete a drug-rehabilitation program. The circuit court sentenced Moore to fifty-four months' imprisonment in the Arkansas Department of Correction (ADC), reasoning that "the most appropriate thing is to be sure he gets intensive secure rehab. He can't get that in CCC as a result of the pending charges. . . . No credit for any time served prior to today. I want to be sure he gets the minimum—that he stays there for at least the time necessary to get the most intensive drug treatment program they have." On September 10, 2020, a sentencing order was filed, and it reflects that Moore was sentenced to fifty-four months' incarceration in ADC and thirty-six months' probation with no jail-time credit.

On September 16, Moore filed a motion requesting credit for time spent in custody. He alleged that he was arrested on November 11, 2019, for "failure to comply with the rules" of his probation and that he has remained in jail since that time. He asked for 295 days of jail-time credit against his fifty-four-month sentence. Also on September 16, Moore filed a motion for reconsideration asking that the court reconsider his fifty-four-month sentence to ADC because he was sentenced for noncompliance with probation and failure to pay child support. He alleged that he is forty-four years old and has epilepsy, high blood pressure, bipolar disorder, arthritis, and extreme limited mobility. He claimed that he had maintained steady employment his entire life and that sending him to prison for nonsupport will ultimately hurt the child.

On October 2, Moore filed a pro se notice of appeal, and Moore's counsel filed a notice of appeal on the same date. On May 3, 2021, counsel moved to withdraw in the Arkansas Court of Appeals, arguing that Moore's sentence should be affirmed and that counsel should be allowed to withdraw.

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4–3(k)(1).

> A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Pettigrew v. State*, 2019 Ark. App. 336. This court has held that denials of requests for sentences of probation, requests for transfer to drug court or veterans treatment court,

4

and requests that sentencing be deferred to a later date are all adverse rulings that must be addressed. *See id*.; *Liddell v. State*, 2015 Ark. App. 172; *Swarthout v. State*, 2012 Ark. App. 46.

*Marshall v. State*, 2021 Ark. App. 283, at 2.

Counsel contends that he has thoroughly examined the record and found no error that would support an appeal. However, counsel fails to address some adverse rulings in his no-merit brief. On September 16, 2020, Moore filed a pro se motion requesting credit for 295 days spent in jail. Also on September 16, he filed a pro se motion for reconsideration or reduction of sentence arguing that the sentence imposed is excessive due to his age and physical limitations. Even though counsel discusses the sentence imposed by arguing that fifty-four months is within the legal range for punishment and within the circuit court's discretion, neither of these motions is included in the addendum, and counsel does not mention them or explain why the issues raised in these motions do not have merit.

Further, Moore testified that he wanted drug treatment, and his counsel argued for additional probation and placement in a drug-treatment program. Again, these issues were not addressed by counsel in the no-merit brief. *See Pettigrew, supra* (rebriefing ordered because counsel did not address the circuit court's failure to grant defendant's request for reinstatement of his probation or for drug court). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4–3(k)(1) or should be on meritorious grounds.

5

If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Moore so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4–3(k)(2).

Rebriefing ordered; motion to withdraw denied.

WHITEAKER and HIXSON, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III* and *Vicram Rajgiri*, for appellant.

One brief only,