Cite as 2023 Ark. App. 322

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-22-583

|  |  |
|---|---|
| | **Opinion Delivered** May 31, 2023 |
| ALBERT B. MITCHELL | APPEAL FROM THE GARLAND |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 26CR-20-748] |
| V. | |
| | HONORABLE MARCIA |
| | HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REMANDED TO SETTLE, IF |
| | NECESSARY, AND SUPPLEMENT THE |
| | RECORD; REBRIEFING ORDERED; |
| | MOTION TO WITHDRAW DENIED |

**BART F. VIRDEN, Judge**

Appellant Albert Mitchell pleaded guilty to first-degree battery, and a Garland County jury sentenced him to forty years' imprisonment as a habitual offender. Mitchell's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), purporting to have addressed all adverse rulings and asserting that an appeal would be wholly frivolous. Mitchell was provided with a copy of counsel's brief and was notified of his right to file a list of pro se points for reversal. Mitchell has filed pro se points, to which the State has responded. We remand to settle, if necessary, and supplement the record. Further, because we have determined that counsel has not

complied with *Anders* and Rule 4-3(b)(1), we order rebriefing and deny the motion to withdraw.

I. *Background*

On November 20, 2020, the State charged Mitchell with first-degree battery, alleging that he stabbed Shonna Yilmaz in the stomach and arm on September 30, 2020. A public defender was appointed to represent Mitchell in December 2020. On March 29, 2022, a plea agreement was entered showing that Mitchell pleaded guilty to first-degree battery and would be sentenced by a jury. It was noted that Mitchell had reserved the right to appeal from the sentencing proceeding to be held on March 30.

II. *Discussion*

A. The Record

Arkansas Supreme Court Administrative Order No. 4 provides that "[t]he circuit court shall require the official court reporter to make a verbatim record of all proceedings, pertaining to any matter before the court or the jury." In his notice of appeal, Mitchell requested a complete transcript of the record and designated "the entire record" for appeal. The entire record is not currently before the court because, assuming they were recorded, the opening statements and closing arguments were not transcribed. Also, a body-camera video with audio was played for the jury during the sentencing hearing; however, there is no transcription of the audio. The verbatim record set forth in Administrative Order No. 4 shall include a transcription of all spoken words from any source including but not limited to arguments and audio contained in videos presented to a jury.

We must have the entire record in a no-merit appeal. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001) (remanding to supplement the record when Campbell designated in his notice of appeal the entire record except voir dire and opening and closing arguments unless there were objections during same). "Instead of reviewing only the parts of the record that the lawyer puts before us, in a no-merit appeal we are bound to perform a full examination of all the proceedings to decide if the case is 'wholly frivolous.'" *Campbell*, 74 Ark. App. at 280-C, 53 S.W.3d 48, 50 (supplemental opinion on denial of rehearing); *see also Lagoy v. State*, 2010 Ark. App. 509 (ordering rebriefing when the appellant's motion to waive the requirement of providing a transcription of an audio recording had been denied; yet the appellant failed to provide the transcription).

We remand this case to the circuit court to settle the record, if necessary, and thereafter supplement the record with the omitted portions, including but not limited to, opening statements, closing arguments, and the audio portion of the body-camera video. The settling and/or supplementation of the record must take place within thirty days.

B.  Rebriefing

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief. Ark. Sup. Ct. R. 4-3(b)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.*

3

Counsel asserts that there were no objections during the sentencing hearing and thus no adverse rulings. There were, however, other adverse rulings before and after the sentencing hearing that must be addressed. In any event, counsel failed to discuss the legality of Mitchell's sentence of forty years' imprisonment as a habitual offender. Counsel is instructed to discuss the sentence imposed by the jury. *See Price v. State*, 2012 Ark. App. 33 (ordering rebriefing because counsel did not discuss in argument portion of brief the legality of sentences).[1] Due process requires rebriefing of a single issue that is omitted from an *Anders* no-merit brief in criminal cases. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

Counsel should mention that Mitchell asked for a bond reduction at the omnibus hearing held on March 2, 2021. Also, at the pretrial hearing on March 29, 2022, both Mitchell and appointed counsel sought a continuance of the jury trial scheduled to be held the following day. Mitchell's counsel had filed a motion for continuance the previous day based on the State's amended information, which added an aggravated-robbery charge, and because he had only recently received some discovery.

Moreover, on April 14, 2022, Mitchell wrote a letter to the judge asking that any mention of the aggravated-robbery charge, which had been nolle prossed when Mitchell pleaded guilty, be removed from the sentencing order. He claimed that it would prejudice him before the parole board. In response, the court sent a letter to Mitchell stating that the

---

[1]*See also Adcock v. State*, 2020 Ark. App. 334 (ordering rebriefing for counsel to discuss the adverse ruling of the appellant's sentence to imprisonment given counsel's request in closing arguments that the appellant's probation be reinstated).

sentencing order "legally and correctly described the disposition." We note that, although there is no right to hybrid representation, *Bennion v. State*, 2022 Ark. App. 290, we have ordered rebriefing in no-merit appeals when counsel has failed to address an adverse ruling that the appellant made in a pro se motion. *See, e.g.*, *Welborn v. State*, 2021 Ark. App. 90 (ordering rebriefing for counsel to adequately address an adverse ruling of the appellant's pro se motion); *Whittier v. State*, 2015 Ark. App. 183 (ordering rebriefing to address the appellant's pro se petition to correct his unlawful sentence). There is no mention of this adverse ruling from what could be described as a postjudgment motion.

We express no opinion on whether counsel should file a no-merit brief pursuant to Rule 4-3(b)(1) and *Anders* or whether the brief should be an adversarial one. If counsel elects to file another no-merit brief, she should first determine whether there are any adverse rulings in the transcribed material following supplementation of the record. Counsel should then include in a substituted brief an explanation regarding all of the adverse rulings made below as well as a discussion of the legality of Mitchell's sentence, as set forth above. The list of deficiencies we have noted should not be considered exhaustive, and counsel is strongly encouraged to review *Anders* and Rule 4-3(b)(1) for the requirements of a no-merit brief. After counsel has filed a substituted brief, which must take place within thirty days after supplementation of the record, our clerk will forward counsel's motion and substituted brief to Mitchell, and he will have thirty days within which to raise any pro se points he chooses, or he may stand on the pro se points he has already submitted. The State will likewise be

given an opportunity to file a responsive brief in light of the supplemental record and in the event Mitchell raises additional pro se points.

Remanded to settle, if necessary, and supplement the record; rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and ABRAMSON, J., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.