Cite as 2023 Ark. App. 453

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-22-545

| | |
|---|---|
| LEONARD C. STEPHENSON | |
| | Opinion Delivered October 18, 2023 |
| APPELLANT | |
| | APPEAL FROM THE GARLAND |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 26CR-21-316 ] |
| STATE OF ARKANSAS | |
| | HONORABLE RALPH C. OHM, |
| | JUDGE |
| APPELLEE | |
| | REBRIEFING ORDERED; MOTION |
| | TO WITHDRAW DENIED |

**ROBERT J. GLADWIN, Judge**

Leonard Stephenson (Stephenson) appeals the revocation of his probation in the

Garland County Circuit Court. His counsel filed a motion to withdraw and no-merit brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2020) of the Arkansas

Rules of the Supreme Court and Court of Appeals, asserting that there is no issue of arguable

merit to raise on appeal. Stephenson was provided a copy of his counsel's brief and motion,

but he did not file any pro se points for reversal; thus, the State did not file a responsive

brief. We deny counsel's motion to withdraw and order rebriefing in accordance with Rule

4-3(k).

## I. *Background Facts*

On August 4, 2021, Stephenson entered into a negotiated guilty plea to delivery of methamphetamine or cocaine and was sentenced to 121 months' probation. Stephenson signed the plea agreement and conditions of probation, which were filed on August 4. Additionally, Stephenson agreed to pay supervision fees of $35 a month and $2,065 in fines, fees, and costs. The circuit court entered the sentencing order on August 30.

On February 8, 2022, the State filed a petition requesting that Stephenson be ordered to show cause as to why his probation should not be revoked. In the attached violation report, the State alleged that Stephenson had committed the Class C felony offense of forgery; the Class A misdemeanor offense of possession of a controlled substance; and failure to pay court costs and fines.

On May 4, a revocation hearing was held. Justin Stewart with Arkansas Community Corrections, State Probation and Parole testified that on or about January 24, 2022, Stephenson committed the Class C felony offense of forgery and the Class A misdemeanor offense of possession of a controlled substance and, as of February 1, was in arrears $2,100 in court costs and fines. The State also called Sherwood Police Officer Ronnie Loftis, who testified regarding his arrest of Stephenson for the felony and misdemeanor charges. Stephenson took the stand in his defense and denied the allegations. When his counsel asked if a fine or extended probation would be an acceptable punishment for the alleged violations, Stephenson stated that it would, and he further proposed house arrest as an alternative. He also admitted not having a current prescription for the pills found in his

possession during his arrest and that he hadn't paid his probation fees because there was no contractual term showing him where to pay the fees and because he does not have a vehicle.

At the conclusion of the hearing, the circuit court held that Stephenson had failed to comply with the terms and conditions of his probation; found Officer Loftis to be a credible witness regarding the forgery; and found that Stephenson had willfully failed to pay fines and costs associated with his guilty plea. Accordingly, the court entered an order revoking Stephenson's probation on May 6, 2022, and sentenced him to ten years in the Arkansas Department of Correction (ADC). On June 3, Stephenson filed a timely notice of appeal. On February 16, 2023, counsel filed a motion to withdraw for no-merit appeal and requested that he be relieved as the attorney of record for Stephenson.

## II. *Standard of Review*

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Miller v. State*, 2021 Ark. App. 299.

3

### III. *Discussion*

Counsel contends that he has thoroughly reviewed the record and found no error to support an appeal of Stephenson's probation revocation. However, we hold that counsel's no-merit brief is not in accordance with *Anders* and Rule 4-3(k). First, our review reveals adverse rulings that counsel wholly fails to address. On record page 10, the circuit court denied Stephenson's request for a continuance of the revocation hearing, noting counsel's prior refusal to waive the requirement to hold the revocation hearing within sixty days of the arrest and because the State's witnesses were in attendance for the hearing. Next, record page 26 reflects an objection made by defense counsel during cross-examination of Stephenson regarding a question being beyond the scope of direct-examination, which was overruled by the court. Furthermore, Stephenson testified that he wanted house arrest or extended probation, and his counsel argued that it was inappropriate to send Stephenson back to the ADC. Counsel's failure to explain why the above-referenced adverse rulings would not be meritorious grounds for reversal on appeal require rebriefing. *See Pettigrew v. State*, 2019 Ark. App. 336 (rebriefing ordered because counsel did not address the circuit court's failure to grant defendant's request for reinstatement of his probation or drug court).

Finally, counsel contends that there was sufficient evidence to support revocation; however, his argument is more conclusory than explanatory as to why an appeal would be wholly frivolous. For example, counsel does not adequately explain how the facts apply to the law governing probation revocations or our standard of review.

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(k)(1) or should be on meritorious grounds. Furthermore, the list of deficiencies noted above should not be considered exhaustive, and we encourage counsel to review *Anders*, *supra*, and Arkansas Supreme Court Rule 4-3(k) for the requirements of a no-merit brief. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Stephenson so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4-3(k)(2). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

GRUBER and MURPHY, JJ., agree.

*Justin B. Hurst* and *Bailey Ellis Farmer*, for appellant.

One brief only.