Cite as 2024 Ark. App. 28

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-492

| | | |
|---|---|---|
| RAYMOND PAGE | APPELLANT | Opinion Delivered January 17, 2024 |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-20-563] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOSH FARMER, JUDGE |
| | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**WENDY SCHOLTENS WOOD, Judge**

Raymond Page appeals the order of the Saline County Circuit Court revoking his probation and sentencing him to ten years' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(b) and *Anders v. California*, 386 U.S. 738 (1967), Page's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Page with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We hold that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b)(1). Accordingly, we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all

objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

In his brief, counsel addresses the circuit court's finding that Page had violated the terms of his probation and its denial of Page's request for a continuance to allow him to obtain a private attorney. However, our review of this record demonstrates that counsel failed to address one adverse ruling. During the sentencing portion of the revocation hearing, Page's attorney acknowledged that Page has a drug problem and asked the court to consider placing him in a regional correction facility to get drug treatment rather than sentencing him to imprisonment. The court denied the request and sentenced Page to ten years' imprisonment. Counsel has failed to address this ruling and explain why it is not a meritorious ground for reversal on appeal.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing is required. *Pettigrew v. State*, 2019 Ark. App. 336. This court has held that denials of requests for sentences of probation, requests for transfer to drug court or veterans-treatment court, and requests that sentencing be deferred to a later date are all adverse rulings that must be addressed. *See Marshall v. State*, 2021 Ark. App. 283; *Liddell v. State*, 2015 Ark. App. 172; *Swarthout v. State*, 2012 Ark. App. 46.

We direct counsel to cure the deficiency by filing a substituted brief that complies with the rules within fifteen days of the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(b) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Page, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3(b)(2). The State will be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.