Cite as 2024 Ark. App. 33

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-266

|  |  |  |  |
|---|---|---|---|
| CECIL J. SIXKILLER | APPELLANT | | Opinion Delivered January 17, 2024 |
| V. | | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-18-2470] |
| STATE OF ARKANSAS | APPELLEE | | HONORABLE BRADLEY KARREN, JUDGE |
| | | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MIKE MURPHY, Judge

Appellant Cecil Sixkiller appeals the Benton County Circuit Court's revocation of his suspended sentence. His counsel has filed a no-merit brief and a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), stating that there are no meritorious grounds to support an appeal. Sixkiller was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a reply brief. We affirm and grant counsel's motion to be relieved.

In April 2019, Sixkiller pleaded guilty to theft of property and was placed on probation for a period of five years. On February 13, 2020, a petition for revocation was filed. That petition was amended five times. The fifth amended petition for revocation

alleged Sixkiller had violated the terms of probation by failing to report for office visits; changing his place of residence without permission; failing to pay Arkansas Community Correction fees; failing to complete an evaluation; failing to pay court fines and fees; committing new offenses; failing to report after being released; and failure to appear.

On September 15, 2022, a revocation hearing was held. Kris Eglin, a probation and parole agent for the Department of Community Correction, testified that Sixkiller failed to report on January 6, 2020. Eglin testified that he was unable to locate Sixkiller and that his whereabouts were unknown after he failed to report. Specifically, he testified Sixkiller reported five times in three years and that he has been in and out of custody at least fourteen times. Additionally, Eglin testified that Sixkiller's fees were in arrears.

Sixkiller testified and admitted that he had failed to report but asked for leniency because of his truthfulness.

At the conclusion of the hearing, the trial court revoked Sixkiller's probation by finding that the State had met its burden by a preponderance of the evidence. The court sentenced Sixkiller to forty-six months in the Arkansas Department of Correction with twenty-four months suspended and 185 days jail credit. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief containing an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(b)(1). A no-merit brief in a criminal case that fails

2

to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Stephenson v. State*, 2023 Ark. App. 453.

Counsel contends that there are no issues of merit to support an appeal and has adequately explained why an appeal would be wholly frivolous. We first address whether the evidence was sufficient to support the revocation. To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2021). We do not reverse a circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Garrin v. State*, 2022 Ark. App. 342, at 3–4, 652 S.W.3d 608, 610. Because the burdens of proof are different, evidence that is insufficient for a criminal conviction may be sufficient for a revocation. *Id.* Since determinations of a preponderance of the evidence turn on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.*

A condition of Sixkiller's probation was to report as directed to a supervising officer. Eglin testified that Sixkiller reported only five times in three years, and Sixkiller admitted he had violated that condition of his probation. Therefore, we hold that there would be no merit to an appeal of the sufficiency of the evidence supporting the revocation. From our review of the record and the brief presented to us, we find compliance with *Anders* and Rule

3

4-3 and hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the revocation of Sixkiller's probation.

Affirmed; motion to withdraw granted.

BARRETT and BROWN, JJ., agree.

*Eric Moore*, for appellant.

One brief only.