Cite as 2024 Ark. App. 27

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-235

|  |  |  |
|---|---|---|
| ARLENE EDWARDS | | Opinion Delivered January 17, 2024 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-20-110] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOSH FARMER, JUDGE |
| | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**WENDY SCHOLTENS WOOD, Judge**

Arlene Edwards appeals the Saline County Circuit Court's order revoking her probation and sentencing her to three years in a regional correction facility. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2022), Edwards's attorney seeks to be relieved as appellate counsel and has filed a motion to withdraw. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. We hold that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b)(1). Accordingly, we order rebriefing and deny counsel's motion to withdraw.[1]

---

[1]The clerk of this court has sent to Edwards's last-known address—by restricted delivery, return receipt requested—a certified package containing a copy of counsel's motion and brief along with a letter informing Edwards of her right to file pro se points for reversal. The packet was returned on September 21, 2023, with the note "Return to sender/No such

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling can be found in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1).

In his brief, counsel addresses the circuit court's finding that Edwards had violated the terms of her probation and its ruling on an evidentiary objection made during the State's cross-examination of Edwards. However, our review of this record demonstrates that counsel failed to address one adverse ruling. During the sentencing portion of the revocation hearing, Edwards's attorney asked the court to consider placing her in the county jail and extending her term of probation rather than sentencing her to imprisonment or a regional correction facility. The circuit court denied the request and sentenced Edwards to three years in a regional correction facility. Counsel has failed to address this ruling and explain why it is not a meritorious ground for reversal on appeal.

---

number/Unable to forward." On that same date, the clerk's office contacted Edwards's counsel for updated address information, but counsel did not respond. On September 26, the packet was mailed again to the same address of record via certified mail. It was returned on October 12 with the note "Return to sender/No such number/Unable to forward." On December 13, the clerk's office confirmed that Edwards had not provided a new address. To date, no pro se points have been filed.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(b)(1), and rebriefing is required. *Pettigrew v. State*, 2019 Ark. App. 336. This court has held that denials of requests for specific dispositions, such as an additional sentence of probation, transfer to drug court or veterans-treatment court, and requests that sentencing be deferred to a later date are all adverse rulings that must be addressed. *See Moore v. State*, 2022 Ark. App. 5; *Marshall v. State*, 2021 Ark. App. 283; *Liddell v. State*, 2015 Ark. App. 172; *Swarthout v. State*, 2012 Ark. App. 46.

We direct counsel to cure the deficiency by filing a substituted brief that complies with the rules within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(b) or should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Edwards, and she will have thirty days within which to raise pro se points in accordance with Rule 4-3(b)(2). The State will be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.