Cite as 2025 Ark. App. 90

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-181

| | | |
|---|---|---|
| THOMAS ELLIS | | Opinion Delivered February 12, 2025 |
| | APPELLANT | |
| V. | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-22-210] |
| | | |
| STATE OF ARKANSAS | | HONORABLE CREWS PURYEAR, JUDGE |
| | APPELLEE | |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; MOTION TO WITHDRAW DENIED |

**MIKE MURPHY, Judge**

A Drew County Circuit Court jury convicted appellant Thomas Ellis of one count of second-degree sexual assault and sentenced him to sixty months' probation. His counsel has filed a no-merit brief and a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), stating that there are no meritorious grounds to support an appeal. Ellis has filed pro se points for reversal, and the State has filed a brief in response. We remand to settle, if necessary, and supplement the record within thirty days.

Arkansas Supreme Court Administrative Order No. 4 provides that "[t]he circuit court shall require the official court reporter to make a verbatim record of all proceedings, pertaining to any matter before the court or the jury." Here, page 1 of the transcript provides,

"JURY TRIAL - TESTIMONY ONLY (PER DEF ATTY REQUEST)." Accordingly, jury selection as well as opening statements and closing arguments are omitted from the transcript.

In *Mitchell v. State*, 2023 Ark. App. 322, at 2–3, we explained:

> We must have the entire record in a no-merit appeal. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001) (remanding to supplement the record when Campbell designated in his notice of appeal the entire record except voir dire and opening and closing arguments unless there were objections during same). "Instead of reviewing only the parts of the record that the lawyer puts before us, in a no-merit appeal we are bound to perform a full examination of all the proceedings to decide if the case is 'wholly frivolous.'" *Campbell*, 74 Ark. App. at 280-C, 53 S.W.3d 48, 50 (supplemental opinion on denial of rehearing); *see also Lagoy v. State*, 2010 Ark. App. 509 (ordering rebriefing when the appellant's motion to waive the requirement of providing a transcription of an audio recording had been denied; yet the appellant failed to provide the transcription).

Consequently, we return this case to appellant's counsel to supplement the record on appeal to include the portions of the record originally omitted. The supplementation of the record must take place within thirty days. Once the record is supplemented, the clerk will establish a new briefing schedule. Counsel may file a substituted brief, if necessary; Ellis may file additional pro se points for reversal, or he may stand on the points he has already submitted; and the State will be given an opportunity to file another responsive brief in light of the supplemental record and in the event Ellis raises additional pro se points.

Remanded to settle and supplement the record; motion to withdraw denied.

KLAPPENBACH, C.J., and HARRISON, J., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.